# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CIVIL ACTION NO. 2:26-cv-2429

---

**UNITE 4 FREEDOM, INC.**;
**GREGORY STENSTROM, PRO SE**;
**ROBERT C. MANCINI, PRO SE**;

*Plaintiffs,*

v.

**AL SCHMIDT**, **in his official capacity as**
**Secretary of the Commonwealth of Pennsylvania**;
**PENNSYLVANIA DEPARTMENT OF STATE;**

*Defendants.*

---

### NOTICE OF CLARIFICATION AND SUPPLEMENTAL FACTUAL CONTEXT

---

## I. PURPOSE OF NOTICE

1. Plaintiffs submit this Notice to clarify the nature of the data presented in Exhibit A and to provide additional factual context regarding the relationship between Exhibits A, B, and C as they relate to Plaintiffs' statutory claims.

2. This Notice does not amend the Complaint, does not introduce new claims, and does not alter the relief requested.

3. This Notice is submitted solely to assist the Court in understanding the factual framework already alleged in the Complaint and accompanying Memorandum of Law.

---

## II. CLARIFICATION REGARDING EXHIBIT A

4.  Exhibit A presents quantified discrepancies derived from comparisons of official voter datasets.

5.  The figures reflected therein are provided solely to demonstrate the existence of unreconciled discrepancies requiring statutory reconciliation and verification under federal law.

6.  Exhibit A is not offered as a final adjudication of violations, but as evidence of conditions that require reconciliation through preserved records as mandated by 52 U.S.C. § 20701 and related federal statutory provisions.

## III. RELATIONSHIP OF EXHIBITS B AND C

7.  Exhibits B and C establish the conditions under which reconciliation must occur and demonstrate the absence of a mechanism to perform such reconciliation.

8.  Exhibit B reflects restrictions on inspection of election records, including limitations preventing copying, extraction, or analysis necessary to reconstruct election processes from preserved records.

9.  Exhibit C establishes that certain records necessary for verification are not maintained at the state level and are instead distributed across county entities, which independently restrict access in a manner that prevents meaningful reconstruction.

## IV. STATUTORY IMPLICATION

10. Taken together, Exhibits A, B, and C demonstrate that:

    a. Quantified discrepancies exist within official election records;

    b. Federal law requires that such discrepancies be capable of reconciliation through preserved records as required by federal statute;

    c. Records necessary to perform that reconciliation are either:

       i. not accessible in a form permitting analysis and reconstruction; or

       ii. not maintained in a centralized or recoverable manner sufficient to permit verification;

11. As a result, the discrepancies identified cannot be reconciled through preserved records, and the statutory requirement of verification is not satisfied.

## V. CONCLUSION

12. This Notice is submitted to clarify the factual context already alleged and to assist the Court in evaluating the statutory framework presented.

13. Plaintiffs' claims remain grounded in statutory compliance and present a purely legal question of whether Defendants can satisfy mandatory federal verification requirements from preserved records.

14. Plaintiffs submit this Notice to prevent mischaracterization of the evidentiary record and to ensure accurate framing of the issues presented.

15. Plaintiffs seek prospective declaratory relief establishing the governing statutory requirements for preservation, reconstruction, and verification of election records.

16. Any further relief, including production of records, demonstration of reconciliation capability, or demonstration of compliance with statutory verification requirements, would follow only upon such determination and in accordance with the Court's direction.

17. Plaintiffs seek a determination of whether Defendants satisfy mandatory federal statutory requirements governing preservation, reconstruction, and verification of election records, which are prerequisites to lawful certification.

---

Respectfully submitted,

*Renee Mazer*

**Renee Mazer**
PA Bar No. 57666
191 Presidential Blvd., Apt. 419
Bala Cynwyd, PA 19004
(484) 716-9619
reneemazer@gmail.com
Counsel for Plaintiff
Unite 4 Freedom, Inc.
Date: April 16, 2026

---

*Gregory Stenstrom*

**Gregory Stenstrom, Pro Se**
1541 Farmers Lane
Glen Mills, PA 19342
gstenstrom@xmail.net
856-264-5495
Date: April 16, 2026

---



**Robert C. Mancini, Pro Se**

4 Guernsey Lane

Media, PA, 19063

robcmancini@gmail.com

610-506-9827

Date: April 16, 2026